McHugh, J.
Plaintiff Jennifer Magee (“Ms. Magee”) and her husband, plaintiff David Magee (“Mr. Magee”) filed this medical malpractice action in August of 1993 alleging that defendant Richard Traister, M.D. (“Dr. Traister”) negligently failed to diagnose Ms. Magee’s breast cancer in timely fashion. They alleged that the failure to make a timely diagnosis caused the cancer to metastasize.
The case currently is before the court on defendant’s motion for summary judgment pursuant to Mass.R.Civ.P. 56. In support of his motion, defendant contends that plaintiffs’ claims are barred as a matter of law by the statute of limitations set forth in G.L.c. 260, §§2A and 4. In opposition, plaintiffs assert that a question of material fact exists concerning when plaintiffs discovered the harm allegedly caused by Dr. Traister’s alleged negligence and that summary judgment therefore is inappropriate.
FACTS
Viewed in the light most favorable to plaintiffs, the facts, bearing on the timeliness of plaintiffs’ commencement of this action, as those facts appear in affidavits and exhibits submitted by both parties, are essentially as follows:
Ms. Magee was Dr. Traister’s patient from approximately April of 1981 until January of 1989. On May 13, 1985, Ms. Magee, then twenty-seven years old, reported to Dr. Traister a tender lump in her left breast. Dr. Traister ordered a mammogram on May 14, 1985. Thereafter, Dr. Traister informed Ms. Magee that the mammogram was negative and that no further treatment was necessary at that time.
On July 28, 1986, Ms. Magee went to Women’s Health Center for further evaluation of the lump in her breast. After a biopsy on July 31, 1986, Ms. Magee learned that the lump was a malignant tumor.
On October 16, 1986, Ms. Magee underwent a mastectomy at the Lahey Clinic. At that time, she was informed that, because her breast cancer had been detected early, the cancer had not spread to her lymph nodes and no radiation treatment or chemotherapy would be necessary. Ms. Magee believed that the mastectomy had removed all of the cancer.
From 1986 until 1989, Ms. Magee remained Dr. Traister’s patient and believed that the cancer had been removed. On August 28, 1991, she developed right hip pain and learned that the cancer had metastasized to her bones. At this point, Ms. Magee began to wonder whether her previous medical treatment had been appropriate, and whether earlier detection of the breast cancer would have prevented the metastasis.
In 1992, after viewing a television commercial about medical malpractice, Ms. Magee and her husband consulted with an attorney regarding the possibility that her medical treatment had not been proper.
Ms. Magee states that she did not learn of the alleged negligence of Dr. Traister until August of 1993, *236 when her attorney completed an investigation into the care she received. At that point, she learned that there may have been a causal relationship between Dr. Traister’s alleged failure to properly diagnose her condition and the harm she suffered.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
The defendant maintains that plaintiffs’ claims are barred by the three-year statute of limitations set forth in G.L.c. 260, §§2A[1] and 4.[2] Defendant argues that the plaintiffs’ claim for the alleged misdiagnosis accrued in 1986 when Ms. Magee learned that she had breast cancer. In opposition, plaintiffs contend that Ms. Magee’s claim did not accrue until she learned in August of 1991 that her cancer had metastasized.
Massachusetts courts apply the “discovery rule” in order to determine when a claim for medical malpractice accrues. Riley v. Presnell, 409 Mass. 239, 243 (1991). As the Court explained in Riley,
[t]he general rule in personal injury actions is that the cause of action accrues when the plaintiff is injured ... In Franklin v. Albert, [381 Mass. 611,] 619 [(1980), however,] we held that a cause of action for medical malpractice accrues “when the plaintiff learns, or reasonably should have learned, that he has been harmed by the defendant’s conduct.” One need not apprehend the full extent or nature of an injury in order for a cause of action to accrue . . . In Bowen v. Eli Lilly & Co., 408 Mass. 204, 208 (1990), we held that “[w]e do not require that a plaintiff have notice of a breach of duty before a cause of action may accrue, but we do require that a plaintiff have (1) knowledge or sufficient notice that she was harmed and (2) knowledge or sufficient notice of what the cause of harm was.”
Id. at 244.
Cases like this one in which the injury occurs through the combined impact of natural forces and the alleged failure of an individual to intercept those forces before they fulfill their damaging potential present somewhat more difficult problems with respect to the statute of limitations than those occurring when the injury occurs wholly as the result of external forces. Compare, e.g., Lijoi v. MBTA, 28 Mass.App.Ct. 926 (1990) (re-script). In cases like this one, there is almost invariably a question whether the alleged harm was the unalloyed consequence of nature’s fury or represents the combined impact of nature and human neglect. As a consequence, cases like this one necessarily focus heavily on what a reasonable person would have believed under like circumstances and when.
The Magees presented sufficient evidence in their affidavits to establish a genuine issue of material fact on the question whether Ms. Magee reasonably believed she had suffered any injury before the metastasis occurred in August of 1991.[3] Before then, Ms. Magee’s affidavit suggests, she believed that the cancer’s growth had been thwarted and arguably had no reason to question her doctor’s competence. The reasonableness of her belief is a question appropriately left for a jury to determine.[4] See Colbert v. Georgetown University Hospital, 623 A.2d 1244, 1250 (D.C.App. 1993) (summary judgment inappropriate where a material issue of fact was raised as to whether patient reasonably believed she did not suffer injury until she learned that her cancer had metastasized). Cf. Lareau v. Page, 840 F.Supp. 920, 925-27 (D.Mass. 1993) (plaintiff barred from asserting medical malpractice claim where she should have known of injury when her doctor informed her of possibility of brain tumor development four years before suit).
ORDER
In light of the foregoing, defendant’s motion for summary judgment should be, and it hereby is, DENIED.

 G.L.c. 260, §2A provides, in relevant part:
Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries . . . shall be commenced only within three years next after the cause of action accrues.

 G.L.c. 260, §4 provides, in relevant part:
Actions of contract or tort for malpractice, error or mistake against physicians . . . shall be commenced only within three years after the cause of action accrues.

 No separate claim is raised with respect to whether Mr. Magee learned or believed anything at a different time than Ms. Magee and thus whether his consortium claim should be, or can be, independently barred.

 So, too, is the question whether plaintiffs would be able to recover for the harmful consequences of the metastatic disease because they commenced this action within three years of the onset of that disease even if they knew or should have known as early as the mastectomy that Dr. Traister had been negligent. The affidavits suggest that plaintiffs believed that no harm had occurred as a consequence of Dr. Traister’s treatment before Ms. Magee’s hip pain developed. Because knowledge of or reasonable belief in the existence of some harm is necessary before the statute begins to run, a jury must decide, if necessary, whether plaintiffs had any knowledge of harm more than three years before commencement of this action.